# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VALENTIN ZUNIGA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEREMY BEAN, et al.,<br><br>　　　　　Respondents. | Case No. 2:20-cv-00619-GMN-BNW<br><br>**ORDER** |

Petitioner has paid the filing fee. ECF No. 4. Currently before the court are his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and his motion for appointment of counsel.[1] The court may appoint counsel to a petitioner who is unable to afford counsel himself. 18 U.S.C. § 3006A. The application to proceed in forma pauperis shows that petitioner is unable to afford counsel. Petitioner is convicted of first-degree murder with the use of a deadly weapon and discharging a firearm into a structure; he has a sentence of life imprisonment without the possibility of parole plus two consecutive sentences of terms of years. Petitioner also appears to have limited fluency in English. The court thus determines that appointment of counsel is warranted.

///

---

[1] The motion for appointment of counsel does not have a separate docket entry. It is pages 121-25 of ECF No. 1-1, which otherwise is the petition for a writ of habeas corpus.

IT THEREFORE IS ORDERED that the clerk detach the motion for appointment of counsel, currently pages 121-25 of ECF No. 1, and file it.

IT FURTHER IS ORDERED that the clerk file the petition for a writ of habeas corpus.

IT FURTHER IS ORDERED that the motion for appointment of counsel is **GRANTED**.

IT FURTHER IS ORDERED that the Federal Public Defender is appointed provisionally a counsel. The Federal Public Defender will have thirty (30) days from the date of entry of this order either to undertake representation of petitioner or to indicate to the court the office's inability to represent petitioner. If the Federal Public Defender is unable to represent petitioner, then the court will appoint alternate counsel, subject again to establishment of financial eligibility. The court will set a deadline for filing of an amended petition or a motion seeking other relief after counsel has appeared. The court anticipates setting the deadline for one hundred twenty (120) days from entry of the formal order of appointment. The court does not signify any implied finding of tolling during any time period established or any extension granted. Petitioner always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. The court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition and a copy of this order.

IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the court.

///

///

///

1   IT FURTHER IS ORDERED that the clerk provide copies of all prior filings to both the
2 Attorney General and the Federal Public Defender in a manner consistent with the clerk's current
3 practice, such as regeneration of notices of electronic filing.

4   DATED: May 7, 2020

_____
GLORIA M. NAVARRO
United States District Judge