UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VALENTIN ZUNIGA,

        Petitioner,

  v.

JEREMY BEAN, et al.,

        Respondents.

Case No. 2:20-cv-00619-GMN-BNW

**ORDER**

The Federal Public Defender has filed a notice of appearance on petitioner's behalf (ECF No. 9).  The court will formally appoint the Federal Public Defender.

IT THEREFORE IS ORDERED that the Federal Public Defender is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).  Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that petitioner shall have until up to and including one hundred twenty (120) days from entry of this order within which to file an amended petition and/or seek other appropriate relief.  Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established.  Petitioner always remains responsible for calculating the running of the federal limitation period and timely asserting

1

1   claims, without regard to any deadlines established or extensions granted herein.  That is, by
2   setting a deadline to amend the petition and/or by granting any extension thereof, the court makes
3   no finding or representation that the petition, any amendments thereto, and/or any claims
4   contained therein are not subject to dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225,
5   1235 (9th Cir. 2013).

6   　　　　IT FURTHER IS ORDERED that respondents shall file a response to the amended
7   petition, including potentially by motion to dismiss, within sixty (60) days of service of an
8   amended petition and that petitioner may file a reply within thirty (30) days of service of an
9   answer.  The response and reply time to any motion filed by either party, including a motion filed
10  in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

11  　　　　IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the
12  counseled amended petition shall be raised together in a single consolidated motion to dismiss.  In
13  other words, the Court does not wish to address any procedural defenses raised herein either in
14  serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural
15  defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents
16  shall not file a response in this case that consolidates their procedural defenses, if any, with their
17  response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims
18  clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2):
19  (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall
20  specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in
21  Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses,
22  including exhaustion, shall be included with the merits in an answer.  All procedural defenses,
23  including exhaustion, instead must be raised by motion to dismiss.

24  　　　　IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall
25  specifically cite to and address the applicable state court written decision and state court record
26  materials, if any, regarding each claim within the response as to that claim.

27
28

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: June 8, 2020

_____
GLORIA M. NAVARRO
United States District Judge