1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                                    DISTRICT OF NEVADA
10

11   VALENTIN ZUNIGA,                        Case No. 2:20-cv-00619-GMN-BNW
12                Petitioner,                **ORDER**
13        v.
14   JEREMY BEAN, et al.,
15                Respondents.
16

17   **I.     Introduction**
18        This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court are
19   petitioner's motion for prospective equitable tolling due to COVID-19 (ECF No. 13), respondents'
20   response (ECF No. 14), and petitioner's reply (ECF No. 15).  The court finds that under the
21   extraordinary circumstances of the COVID-19 pandemic, equitable tolling for a fixed time until
22   September 7, 2021, is warranted.
23   **II.    Procedural History**
24        Petitioner Valentin Zuniga was convicted of first-degree murder with the use of a deadly
25   weapon and discharge of a firearm.  Zuniga appealed, and the Nevada Supreme Court affirmed on
26   November 29, 2012.  ECF No. 7 at 32.  The time to petition the Supreme Court of the United
27   States for a writ of certiorari expired on February 27, 2013.
28

                                                 1

1    Zuniga filed a post-conviction petition for a writ of habeas corpus in the state district court
2    on January 8, 2013. ECF No. 7 at 107. The state district court denied the petition. Zuniga
3    appealed, and the Nevada Supreme Court affirmed on December 12, 2019. ECF No. 7 at 47.
4    Remittitur issued on or around January 6, 2020.

5    Zuniga had one year from the date his judgment of conviction became final to file a
6    habeas corpus petition under § 2254. 28 U.S.C. § 2244(d)(1)(A). The time he spent on his state
7    post-conviction petition did not count toward that one-year limit. 28 U.S.C. § 2244(d)(2).
8    Because Zuniga filed his state petition before the judgment of conviction became final with the
9    expiration of time to file a petition for a writ of certiorari, no time ran on the one-year limit until
10   his state post-conviction proceedings concluded on January 6, 2020. Zuniga calculates that the
11   one-year limit ran out on January 5, 2021.

12   Equitable tolling can be available to save an untimely petition. Holland v. Florida, 560
13   U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he
14   has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
15   way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418
16   (2005)).

17   **III.    Discussion**

18   Prospective equitable tolling is a departure from the usual practice of the court and
19   counsel for petitioners. The court has been reluctant to give prospective equitable tolling for
20   unknown claims in an unseen petition. Equitable tolling, by its nature, is a retrospective equitable
21   remedy in those extraordinary circumstances when application of the statute of limitations would
22   lead to an unfair result. When faced with a short deadline, the usual practice of the Federal Public
23   Defender is to quickly file a timely amended petition, effectively a rough draft based upon a brief
24   initial investigation, to which later amended petitions can relate back. Counsel also usually asks
25   for leave to further amend the petition after a full investigation. The problem now for counsel is
26   even that practice now is difficult to impossible.

27   As in earlier cases in which the Federal Public Defender has requested prospective
28   equitable tolling, the court has little to no doubt that petitioner is pursuing his rights diligently.

The problem is the COVID-19 pandemic.  Counsel has been unable to have a video conference or in-person meeting with Zuniga, both to determine which claims to raise and to determine whether a neuropsychological evaluation of Zuniga is necessary.  The last at-length telephone conversation between the two was on October 7, 2020.  Counsel's investigator has been unable to interview people in-person on potentially sensitive issues.  Counsel has been unable to obtain juvenile-court records.  In short, the COVID-19 pandemic is an extraordinary circumstance that has prevented Zuniga from meeting the statutory deadline.

**IV.  Conclusion**

IT THEREFORE IS ORDERED that petitioner's motion for prospective equitable tolling due to COVID-19 (ECF No. 13) is **GRANTED**.  The one-year period of limitation under 28 U.S.C. § 2244(d)(1) will expire at the end of September 7, 2021.  The amended petition for a writ of habeas corpus is due also on September 7, 2021.

DATED:  April 20, 2021

_____
GLORIA M. NAVARRO
United States District Judge

3