**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VALENTIN ZUNIGA, | Case No. 2:20-cv-0619-GMN-BNW |
| Petitioner, | **ORDER** |
| v. | |
| JEREMY BEAN, et al., | |
| Respondents. | |

In this habeas action, Respondents request leave to file two exhibits under seal and Petitioner Valentin Zuniga requests an extension of time to file an opposition to the motion to dismiss his Third Amended Petition.

**I.      Motion for Leave to File Exhibits Under Seal**

Respondents move for leave to file under seal (1) the Presentence Investigation Report (PSI) (Exhibit 53); and (2) an Index of Exhibits in Support of Petition for Writ of Habeas Corpus (Exhibit 197). ECF No. 61.  Zuniga did not file an opposition to the motion.

There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003).  However, the Court has inherent power over its records and files and may deny access where it determines the documents may be used for "improper purposes." *See Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1179; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir. 1995); *see also* Fed. R. Civ. P. 5.2(d); LR IA 10-5.

The PSI (Exhibit 53) contains personal identifying and private medical information.  The Court grants the motion for leave to file under seal Exhibit 53.  The Index of Exhibits (Index)

(Exhibit 197) does not contain personal identifiers; however, Zuniga already filed the documents under seal that are listed in the Index and a corresponding Index using exhibit numbers different than those used in Respondent's Index. *Compare* ECF No. 19 with ECF No. 62-2.  To avoid confusion about the exhibit numbers assigned to Zuniga's sealed exhibits, the Court denies the motion for leave to file under seal Exhibit 197 and requests the Clerk of Court strike Exhibit 197.

### II.   Motion for Extension of Time

Zuniga filed an unopposed first request for a 60-day extension of time to file an opposition to the motion to dismiss the petition. ECF No. 66.  The Court finds the request is made in good faith and not solely for the purpose of delay, and therefore good cause exists to grant the motion. *See* Fed. R. Civ. P. 6(b) and Rule 6-1 of the Local Rules of Practice.

### III.   Conclusion

It is therefore Ordered that Respondents' Motion for Leave to File Exhibits Under Seal (ECF No. 61) is granted in part and denied in part.  Respondents are granted leave to file under seal their Exhibit 53.  As Exhibit 53 is already filed under seal (ECF No. 62-1), no further action is necessary.  The Court denies leave to file under seal Exhibit 197. The Court kindly requests the Clerk of Court strike Exhibit 197 (ECF No. 62-2) from the docket.

It is further Ordered that Petitioner's Unopposed Motion to Extend Time to File an Opposition to the Warden's Motion to Dismiss (First Request) (ECF No. 66) is granted *nunc pro tunc*.

It is further Ordered that Petitioner has through July 21, 2026, to file an opposition to the Motion to Dismiss the Third Amended Petition for Writ of Habeas Corpus.

Dated:   June 1, 2026

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

2